Baker *v.* Pike.

BAKER *versus* PIKE.

Parole testimony is inadmissible to prove the contents of the declaration in a writ, which had been sued out by another party, unconnected with the action on trial, and had been settled without being entered in Court, and yet remains in the hands of the attorney, by whom it was drawn.

Notice given to the opposing counsel, to produce a written paper, is ineffectual if the paper be held by him merely as the counsel of some person unconnected with the action on trial.

EXCEPTIONS from the District Court, RICE, J.

TRESPASS for a horse.

It appeared in evidence, that R. M. Baker, in the fall of 1846, sold the horse to the plaintiff, and in the spring of 1847, also sold him a lot of store-goods.

The defendant contended that the sales were fraudulent, and proved that the creditors of the vendor brought a suit against the vendor and the vendee, on account of the transactions between them, and that the suit was settled without being entered in court.

The writ in that suit not being on file in the court, the defendant in order to show that the sale of the *goods* was fraudulent, offered the officer who served the writ, as a witness, to prove that the declaration alleged a fraudulent sale and purchase of the goods, and that the plaintiff settled it.   This testimony was objected to, and excluded.

It appeared that the writ in that action had been made by Mr. Abbott, as attorney of said creditors, and was yet in his hands, and he had been notified on the trial to produce it in this action.

The defendant excepted.

*Hutchinson,* for the defendant.

*Abbott,* for the plaintiff.

Searle *v.* Preston.

SHEPLEY, C. J. — The only question presented is, whether the testimony of a witness offered to prove the contents of a declaration inserted in a writ of attachment, which had been settled and continued to be in possession of the attorney, who commenced the suit, without having been filed in court, was properly excluded.

The attorney for the plaintiff appears to have been the attorney for another person, who caused that suit to be commenced against the plaintiff and another.

The notice given to the attorney during the trial to produce that writ was ineffectual and unimportant; and any notice more seasonably and regularly given would have been equally so, because that writ does not appear to have been in the possession of the plaintiff, or subject to his control. Proof of this was indispensable. 1 Greenl. Ev. sect. 560, note 2. Although the writ was in the possession of the plaintiff's attorney, it was not held by him as the attorney or agent of the plaintiff or subject to his control.

The defendant might have obtained the writ by a *subpoena duses tecum*; but neglecting to pursue that course, he could not have been legally permitted to prove the contents of the declaration by the testimony of a witness.

The case of *Frost* v. *Shapleigh*, 7 Greenl. 236, is not similar in principle. The officer in that case had not made upon the writs of attachment any returns, because the suits had been settled. The writs were produced, and the doings of the officer not existing in writing, were permitted to be proved by the testimony of witnesses. *Exceptions overruled.*